UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MARCOS VILLACRESES,

                Plaintiff,

-against-

THE DEPARTMENT OF CORRECTIONS
CITY OF NEW YORK,

                Defendant.
--------------------------------------------------------x

**<u>MEMORANDUM AND ORDER</u>**
26-CV-00035 (OEM) (MMH)

ORELIA E. MERCHANT, United States District Judge:

On January 5, 2026, *pro se* Plaintiff Marcos Villacreses ("Plaintiff") filed this 42 U.S.C. § 1983 ("Section 1983") action against Defendant New York City Department of Correction (the "DOC"). *See generally* Civil Rights Complaint, Dkt. 1 (the "Complaint" or "Compl."). That same day, Plaintiff additionally filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See generally* Application to Proceed in District Court Without Prepaying Fees or Costs, Dkt. 2 (the "IFP Motion"). Plaintiff's IFP Motion is granted and, for the reasons stated below, the Complaint is dismissed without prejudice. Plaintiff may file an amended complaint within 30 days of the date of this order.

## BACKGROUND

Plaintiff is currently detained at the Otis Bantum Correctional Center ("OBCC") on Rikers Island. Plaintiff asserts that on June 26, 2025, while housed in the Eric M. Taylor Center ("EMTC") dormitories, he was attacked by other inmates. Compl. at 4. He claims that no correction officer was present in the dormitory at the time of the attack and that he was sprayed with mace by correction officers following the incident. *Id*. Plaintiff alleges that he suffered a

1

broken finger, cuts and bruises to the face and body, physical pain, and back pain. *Id.* He seeks monetary damages not to exceed $500,000. *Id.* at 5.

## LEGAL STANDARD

When reviewing an action filed *in forma pauperis*, the Court must dismiss a complaint *sua sponte* if it determines that the suit "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim on which relief may be granted where it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court is mindful that a plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*," the Court "remain[s] obligated to construe a *pro se* complaint liberally." (citations omitted)).

## DISCUSSION

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

2

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must allege two elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

Here, Plaintiff does not assert claims against individual defendants but rather seeks "for the Department of Corrections of New York City to be held accountable." Compl. at 5. Plaintiff's claims against the DOC fail because it is a non-suable entity. The New York City Charter provides that "[a]ll actions or proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and *not in that of any agency*, except where otherwise provided by law." N.Y.C. Charter § 396 (emphasis added); *see Corrow v. Dep't of Corr.*, 25-CV-05953, 2025 WL 3216611, at *1-2 (E.D.N.Y. Nov. 17, 2025) (dismissing for failure to state a claim a Section 1983 claim brought by a *pro se* incarcerated plaintiff against the DOC); *Simmons v. N.Y.C. Dep't of Corr.*, 23-CV-7829, 2025 WL 821682, at *3 (E.D.N.Y. Mar. 14, 2025) (same).

## CONCLUSION

Accordingly, Plaintiff's complaint is dismissed as to the DOC for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). No summons shall issue as to this Defendant. In light of Plaintiff's *pro se* status, Plaintiff is granted 30 days from the date of the entry of this order to file an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593, 596-97 (2d Cir. 2000).

If Plaintiff chooses to file an amended complaint, Plaintiff must identify each legal claim and set forth a short, plain statement of the relevant facts supporting each claim. Plaintiff should name as proper Defendants those individuals who had some personal involvement in the actions he alleges and provide the dates and locations for each relevant event.  Even if Plaintiff does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe.  To the best of his ability, Plaintiff must describe each individual and the role they played in the alleged deprivation of his rights.  Plaintiff is advised that an amended complaint completely replaces the Complaint; therefore, all claims Plaintiff wishes to pursue must be in the amended complaint.  The amended complaint must be captioned "Amended Complaint" and include docket number 26-CV-00035 (OEM) (MMH).  For free, confidential, limited-scope legal assistance, Plaintiff may wish to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project in Brooklyn by calling (212) 382-4729 or online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project.  The Federal Pro Se Legal Assistance Project is not a part of, or affiliated with, the Court.

Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency.  No summons shall issue at this time, and all further proceedings shall be stayed.  If Plaintiff fails to file an amended complaint within 30 days of the date of the entry of this order, judgment shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, denies *in forma pauperis* status for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to send a copy of this order to Plaintiff and to note the mailing on the docket.

SO ORDERED.

/s/

ORELIA E. MERCHANT
United States District Judge

February 10, 2026
Brooklyn, New York

5